UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**SAVVAS V. GIANASMIDIS,**                    Chapter 11
                                              Case No. 15-12119-JNF
        Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of 1) the Debtor's Motion for Summary Judgment (the "Summary Judgment Motion"), through which he requests entry of an order granting summary judgment with respect to the "Judgment Creditors' Motion for the Imposition of Sanctions Against Debtor and His Counsel" (the "Motion for Sanctions"); 2) the Debtor's Memorandum of Law in Support of the Summary Judgment Motion; 3) the Joinder of Debtor's former attorneys, Rosenberg & Weinberg, Herbert Weinberg, Esq. and Bill N. Jacob, Esq. (the "Debtor's Former Attorneys") to the Summary Judgment Motion; 4) the Judgment Creditors' Opposition[1] to Debtor's Motion for Summary Judgment and the Debtor's Reply to the Opposition; 5) the Motion for Sanctions; 6) the Debtor's Opposition to the Motion for Sanctions; 6) the Supplemental Response of Herbert Weinberg to the Motion for Sanctions; 7) the Expedited Motion filed by the Debtor to Stay Creditor from proceeding in Superior Court (the "Motion to Stay") filed on August 4, 2015, which the Court heard on an expedited basis; 8) the Opposition of Creditors Russo

---

[1] The Opposition was not supported by an affidavit or other evidence.

1

& Minchoff, India Minchoff, Esq., and Stephen Kuzma, Esq. (the "Creditors") to the Motion to Stay; 9) the transcript of the hearing held on August 6, 2015 on the Motion to Stay, including the arguments of counsel and the rulings dictated by the Court on the record; 10) the Court's Order dated August 6, 2015 denying the Motion to Stay and denying the request for sanctions set forth in the Opposition; 11) the arguments of counsel to the parties at the hearing held with respect to the Summary Judgment Motion on January 27, 2016; 12) the Court's Order dated December 8, 2015 deeming the Motion for Sanctions to be a contested matter to which the Part VII Rules apply; 13) the entire record of proceedings in this case; and, 14) the well-established standards applicable to motions for summary judgment, *see* Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Bankr. P. 7056,

Now, therefore, the Court finds and rules as follows:

1) There are no genuine issues of material fact in dispute. This contested matter does not present actual issues requiring a trial, and the entry of summary judgment is warranted. *See* Fed. R. Bankr. P. 7056.

2) Pursuant to Fed. R. Bankr. P. 9011(c), the court may sanction an attorney who files a paper or pleading for an improper purpose or which contains frivolous contentions. *See* Fed. R. Bankr. P. 9011(b)(1)-(4). In deciding whether actions of an attorney warrant sanctions, this Court is mindful of the purpose sanctions would serve, the impact sanctions have on the reputation of attorneys and the economic harm sanctions may cause. Courts should not allow litigation involving sanctions to derail the progress of a case or allow one party to gain an advantage in litigation.

3) Sanctions for violating Rule 9011(b) may be initiated by a party who complies with certain limitations and conditions, *see* Fed. R. Bankr. P. 9011(c)(1)(A), or by the Court *sua sponte*, *see* Fed. R. Bankr. P. 9011(c)(1)(B).  The provisions of Fed. R. Bankr. P. 9011(c)(1)(A) preclude a request for sanctions initiated by a party unless the party has provided the opposing party with a 21-day period for correcting or withdrawing the offending pleading.  The so-called "safe harbor provisions" of Fed. R. Bankr. P. 9011 require a party seeking sanctions under the rule to serve a separate motion on the attorney who is the target of the sanctions request 21 days before filing it with the court.  Fed. R. Bankr. P. 9011(c)(1)(A). The majority of courts has ruled that the safe harbor provisions must be strictly observed and that sanctions cannot be awarded where the prerequisites to filing have not been followed and where an opportunity to withdraw the pleading or motion has not been provided, including in circumstances where an order has been entered disposing of the offending pleading or motion.  *See, e.g.*, In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) ("If the twenty-one day period is not provided, the motion must be denied.");  Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 410 (4th Cir. 2004) (the safe harbor provisions must be read as *conditions precedent* to granting sanctions).  Although this Court agrees that courts should refuse to draw a bright line prohibiting the filing of a Rule 11 or 9011 motion in all circumstances where the offending pleading has been denied, *see* Monahan Corp., N.V. v. Whitty, 319 F.Supp.2d 227, 234 (D. Mass. 2004), and that technical compliance with the safe harbor provisions can be excused, *see* Cardillo

3

<u>v. Cardillo</u>, 360 F.Supp.2d 402, 419 (D. R. I. 2005), the present case does not present circumstances for excusing compliance with the safe harbor provisions.

4) In the present case, by Order dated August 6, 2015, this Court denied the Motion to Stay two days after it was filed as the Debtor requested an expedited determination and the Creditors quickly filed their Opposition. At the hearing held on August 6, 2015, the Court ruled that the Creditors' request for sanctions set forth in their Opposition was procedurally defective as it was not made in a separate motion as required by Fed. R. Bankr. P. 9011(c)(1)(A). Under the circumstances of this case, excusing compliance with the safe harbor provisions is not appropriate, particularly where the sanctions request was procedurally flawed when first made, the Court quickly denied the Motion to Stay and clarified the Creditors' rights under the Order dated August 6, 2015, and the Debtor's Former Attorneys did not press an argument that the Creditors' actions seeking dismissal of the Debtor's appeal in the Superior Court violated the automatic stay.

It is significant in the Court's analysis that the Creditors acted prematurely and in a procedurally improper fashion when they requested sanctions in their Opposition to the Motion to Stay. The Creditors should have contacted Debtor's Former Attorneys and indicated their intention to seek sanctions in the event the motion was not withdrawn. They did not first request that Debtor's Former Attorneys withdraw the Motion for Stay in their opposition before seeking sanctions, and they did not comply with the safe harbor provisions of Rule 9011. The Debtor's Former Attorneys had no opportunity to withdraw the motion which

the Creditors contend is sanctionable under Fed. R. Bankr. P. 9011(b). The Creditors did not comply with the separate motion requirement of Rule 9011, which further delayed their request for sanctions until after the Court had denied the Motion to Stay. At the hearing on the Motion to Stay, the Debtor's Former Attorneys did not pursue an argument that the Creditors were violating the stay. Instead, at the hearing, they reframed their argument as a request for clarification of the Court's order allowing relief from stay to defend the appeal.

5) Although the Court found the Motion to Stay unmeritorious, a review of all of the circumstances of this case compels the Court to conclude that the signing and filing of the Motion to Stay were not frivolous or made in bad faith, warranting sanctions under Fed. R. Bankr. P. 9011. The Court finds that it would be inappropriate to excuse compliance with the safe harbor provisions under the circumstances of this case. The Court finds that *sua sponte* sanctions of the Debtor's Former Attorneys under Fed. R. Bankr. P. 9011 in furtherance of its inherent powers is not warranted under the circumstances of this case.

Accordingly, the Court grants the Debtor's Summary Judgment Motion and denies the Creditors' Motion for Sanctions.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: February 11, 2016