# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**SAVVAS V. GIANASMIDIS,**                    Chapter 11
     Debtor                    Case No. 15-12119-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

The matter before the Court is the "Motion for Payment of Outstanding Interest Pursuant to Judge Young's Order Dated August 3, 2018" (the "Motion for Pendency Interest") filed by Stephen J. Kuzma, Russo & Minchoff, and India L. Minchoff (the "Lawyer Creditors").  Through their motion, the Lawyer Creditors seek $155,749.54 in postpetition interest at the rate of 12 percent under Mass. Gen. Laws ch. 231 § 6C, the interest rate applicable to judgments in contract actions, on their claim from the commencement of the case to August 16, 2017 [sic], the date they state this Court confirmed the Third Amended Chapter 11 Plan of Reorganization filed by Savvas V. Gianasmidis, (the "Debtor" or "Gianasmidis").[1]  The Debtor filed

---

[1] The Debtor's plan was confirmed on July 17, 2017.  The effective date was August 17, 2017.

an Opposition to the Motion for Pendency Interest in which he acknowledged the

Lawyer Creditors' entitlement to pendency interest, but contested the amount and

the rate of interest on the claim. He argues that the rate of pendency interest to be

applied to the Lawyer Creditors' claim should be the federal judgment rate, not the

state statutory rate of interest on judgments.

The issue presented is the rate and concomitant amount of interest the Lawyer

Creditors should be paid in "pendency interest." In other words, this Court must

determine the interest rate applicable to the Lawyer Creditors' allowed secured claim

during this Chapter 11 case between the petition date and the effective date of the

Debtor's plan of reorganization. The issue is complicated due to a number of

circumstances, including 1) the vacatur by the Massachusetts Appeals Court of the

Lawyer Creditors' judgment during the pendency of the Chapter 11 case, *see* Russo

& Minchoff v. Gianasmidis, 89 Mass. App. Ct. 1130, 54 N.E.3d 608, 2016 WL 3524796

(Mass. App. Ct. 2016), *review denied,* 475 Mass. 1104 (2016); 2) the delay in arbitrating

the Lawyer Creditors' claim for legal fees owing to Gianasmidis's state court appeal

of the Lawyer Creditors' prepetition judgment, and ensuing litigation over whether

the fee dispute should be arbitrated; 3) the arbitration award which was issued

during the pendency of this Chapter 11 case in which the arbitrators expressly denied

the Lawyer Creditors' request for preaward interest; and 4) Judge Young's decision

affirming in part and reversing in part this Court bench ruling, dated July 12, 2017,

and remanding for determining the amount of pendency interest to which the

Lawyer Creditors are entitled. *See* <u>In re Gianasmidis</u>, 318 F. Supp.3d 442 (D. Mass. 2018).

The Court held a hearing on the contested matter on February 5, 2019 and directed counsel to file post-hearing briefs. Neither party requested an evidentiary hearing and the facts necessary to decide this contested matter are not in material dispute. The Court now makes the following findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## II. PROCEDURAL BACKGROUND AND FACTS

### A. <u>Factual Background and State Court Proceedings</u>

The following undisputed facts appear from the record of proceedings in this case, as well as from the findings of the Massachusetts Appeals Court in an appeal involving the Debtor and the Lawyer Creditors. *See* <u>Russo & Minchoff v. Gianasmidis</u>, 2016 WL 3524796 at *1-2. The Lawyer Creditors entered into two written contingency fee agreements, the first in 2009 and the second in 2011, for the provision of legal services to represent Gianasmidis in a lawsuit he commenced against Katini Palangas ("Palangas"), whom the Debtor alleged had received improper transfers of numerous real properties. The fee agreements provided for a contingency fee of 33 percent and 40 percent, respectively, based on the amount of recovery. Both fee agreements had dispute resolution clauses that provided that any dispute must be "resolved exclusively through arbitration." In addition, the parties waived a jury trial and agreed that the arbitrators' award would be "final, binding

and conclusive" on the parties. Neither fee agreement contained any provision for the accrual or payment of interest on any unpaid fees.

The action in which the Lawyer Creditors represented Gianasmidis was tried and a judgment was entered in favor of Gianasmidis in the sum of $1,375,001.00. Gianasmidis also recovered two properties on Farqhuar Street in Roslindale, Massachusetts.  Because Palangas could not pay the judgment, the parties entered into a settlement agreement which provided for the transfer of numerous real estate assets to Gianasmidis.

Following execution of the settlement agreement, a fee dispute arose over the amount of the contingency fees that was due.  The Lawyer Creditors filed an action in Suffolk Superior Court against Gianasmidis for breach of the fee agreements, to collect fees, and for injunctive relief for the purpose of restraining Gianasmidis from transferring assets. The Lawyer Creditors also filed ex parte motions for real estate attachments on the Debtor's property.  The state court authorized the attachments in the sum of $800,000.00 in 2014 and the Lawyer Creditors properly recorded the attachments in the registry of deeds.   The Lawyer Creditors also recorded notices of their attorney's liens.

Gianasmidis failed to answer their complaint and the Lawyer Creditors moved for a default.  Gianasmidis then filed a motion to set aside the default and to compel arbitration, as well as a petition for arbitration with the Massachusetts Bar Association.  The Lawyer Creditors opposed both motions, although, according to the Appeals Court, the Lawyer Creditors initially agreed to arbitration with the

4

Massachusetts Bar Association Legal Fee Arbitration Board ("LFAB"), which assigned an arbitrator. *See* 2016 WL 3524796 at *2 n.4. The Superior Court, after a hearing, denied the motion to compel arbitration. It also denied Gianasmidis's motion to remove the default and scheduled a hearing on an assessment of damages. The Lawyer Creditors requested that the arbitration proceeding be dismissed, but the arbitrator denied the request. The LFAB scheduled the arbitration and, in response, the Lawyer Creditors filed a motion to enjoin the arbitration, which motion the Superior Court granted. Gianasmidis then moved for reconsideration, but the Superior Court refused to reconsider its ruling and, after an evidentiary hearing on the assessment of damages, entered judgment for the Lawyer Creditors against Gianasmidis in the sum of $1,527,931.30.

Gianasmidis filed a notice of appeal, which the Lawyer Creditors moved to dismiss. After declining to dismiss the appeal, the Massachusetts Appeals Court considered the trial judge's implicit determination that Gianasmidis had waived arbitration. It rejected the Lawyer Creditors' argument that Gianasmidis had waived his right to arbitrate by defaulting and failing to timely seek an order compelling arbitration, reasoning that, despite the delay caused by Gianasmidis's failure to answer the complaint, the action had not proceeded to discovery and trial was not imminent. In light of the strong public policy in favor of the arbitration of disputes, it reversed the denial of the motion to compel arbitration as an abuse of discretion and reversed the Superior Court's judgment against Gianasmidis.

B. Bankruptcy Court Proceedings

The Debtor filed a Chapter 13 petition on May 28, 2015. He moved to convert his Chapter 13 case to a case under Chapter 11. The Court granted his motion and his Chapter 13 case was converted to Chapter 11 on July 2, 2015. The Debtor is in the real estate business and manages rental properties. There has been extensive litigation between the Lawyer Creditors and the Debtor throughout the bankruptcy case, and an understanding of the reasons for Debtor's delay in obtaining confirmation of a plan of reorganization are relevant to the issue of the rate and amount of pendency interest.

At the outset, the Lawyer Creditors moved to dismiss the Chapter 13 case on the ground that he did not satisfy the debt limitations for eligibility for Chapter 13 relief or, in the alternative, for relief from the automatic stay imposed by 11 U.S.C. § 362(a). After a hearing, the Court determined that the Debtor was not eligible for Chapter 13 relief, and afforded him an opportunity to convert his Chapter 13 case to one under Chapter 11. The Court also ruled that the Lawyer Creditors did not establish cause for relief from the automatic stay. As noted above, the Debtor filed a motion to convert his case to Chapter 11 which the Court granted.

The Debtor employed special counsel to pursue the appeal between the Debtor and the Lawyer Creditors in the Appeals Court. The Lawyer Creditors opposed the relief sought by the Debtor and requested sanctions against the Debtor's attorneys for filing pleadings in the Appeals Court. The Court granted the Debtor's motion for summary judgment with respect to the sanctions motion because the Lawyer

6

Creditors failed to comply with the procedural requirements of Fed. R. Bankr. P. 9011.

The Lawyer Creditors filed a Motion to Convert the Debtor's Chapter 11 Case to Chapter 7 on December 15, 2015. They argued in their motion that the Debtor had failed to fulfill his obligations as a debtor-in-possession and that he had failed to propose a plan of reorganization within a reasonable time. The Debtor opposed the motion to convert to Chapter 7, arguing that there was no cause for conversion and that he was making progress toward obtaining confirmation of a viable plan of reorganization. The Court held an initial hearing on the motion to convert, entered preliminary orders requiring the Debtor to file a plan and a disclosure statement by February 8, 2016, and scheduled the motion for an evidentiary hearing. The Court also established a deadline for the Debtor to object to the Lawyer Creditors' proofs of claim. The evidentiary hearing did not go forward, however, and the Court continued the motion to convert generally.

The Lawyer Creditors filed three proofs of claim: 1) Attorney Stephen J. Kuzma filed Claim # 9 in the amount of $1,528,935.97 as a secured claim; 2) the Law Office of Russo & Minchoff filed Claim #10 in the same amount as a secured claim; and 3) India Minchoff, Esq. filed Claim #11, again in the same amount as a secured claim. In the aggregate, the Lawyer Creditors' proofs of claim totaled approximately $4.5 million and were filed as secured claims due to the recorded notices of liens on the

Debtor's real properties, see Mass. Gen. Laws ch. 221, § 50,[2] as well as the real estate attachments.

The Debtor objected to the three proofs of claim, asserting, among other things, that the three claims were duplicative and excessive, and secured only to the extent of $800,000.00.  The Court deemed the objections to claims to be contested matters and issued a scheduling order. The Lawyer Creditors filed a motion for summary judgment with respect to the allowance of their claims and a motion to stay discovery which the Debtor opposed. The Lawyer Creditors also sought to strike the Debtor's statement of disputed facts and requested this Court to abstain from litigating the claims objection because their claims were based on state law.  In an order dated June 3, 2016, this Court stayed further proceedings on the Debtor's objection to the Lawyer Creditors' claims, the motion for summary judgment, and the motion to abstain pending a decision by the Massachusetts Appeals Court.

---

[2] Section 50 provides:

> From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute.

Mass. Gen. Laws ch. 221, § 50.

During the pretrial period of claims litigation, the Debtor, with Court authorization after notice and the opportunity for objections and higher offers, sold property in Roslindale and in Chelsea, Massachusetts and filed a plan of reorganization and disclosure statement. The United States trustee filed a limited objection to approval of the disclosure statement, as did several other secured creditors. Upon consideration of the objections, the Court ordered the Debtor to file an amended plan and disclosure statement. The Lawyer Creditors filed a motion for temporary allowance of their claims for plan voting purposes. They also filed an objection to confirmation of the Debtor's amended plan.

On June 13, 2016, the Lawyer Creditors filed a "Motion for Allowance of Postpetition Interest (and Valuation of Collateral to the Extent Applicable) under Section 506(b) of the Bankruptcy Code" (the "Interest Motion").  On June 28, 2016, the parties notified this Court of the decision of the Massachusetts Appeals Court as noted above.   On July 8, 2016, the Debtor filed an objection to the Interest Motion. The Court conducted a status conference on August 17, 2016 at which the Lawyer Creditors stated their intent to seek review of the Appeals Court decision by the Massachusetts Supreme Judicial Court ("SJC").  The Court directed them to file a status report when the SJC issued its ruling.  The SJC, however, declined further review.

The Debtor, on September 19, 2016, filed a motion to compel arbitration of the Lawyer Creditors' claims.  The Lawyer Creditors opposed the motion.  The Debtor filed a motion to strike their opposition, and the Lawyer Creditors opposed that

motion. After a hearing, this Court took the matters under advisement. While those matters were pending, Attorney Minchoff filed a motion alleging that a private investigator employed by the Debtor, or his special counsel, harassed her. Special counsel objected, and the Court, after a hearing, entered an order ruling that it had no jurisdiction over that dispute and indicating that its ruling was without prejudice to Attorney Minchoff's pursuit of her claims in state court.

This Court granted the Debtor's motion to compel arbitration, ruling that the parties were required to arbitrate their dispute based upon the plain language of the fee agreements. Thereafter, the parties arbitrated their dispute before three LFAB arbitrators. By notice dated January 24, 2017, the Lawyer Creditors and the Debtor reported to this Court that the Lawyer Creditors received an arbitration award on January 20, 2017 in the sum of $695,024.26 for their fees, and that, after deducting the sum of $48,269 which had been paid by the Debtor, $646,755.00 remained unpaid. The arbitrators' award made no provision for the payment of interest.

The Lawyer Creditors objected to further amendments to the disclosure statement and plan of reorganization proposed by the Debtor, and also moved for payment of the net proceeds of the Debtor's sale of real estate located at 4412 Washington Street in Roslindale in partial satisfaction of their claims. The Debtor and the Lawyer Creditors resolved these disputes, and the Debtor subsequently filed a Third Amended Disclosure Statement and Third Amended Plan of Reorganization.

In the meantime, the Lawyer Creditors amended the Interest Motion, seeking 12 percent preaward interest on their claims from the date of the filing of their

10

complaint in the Superior Court, which, if allowed, would result in the payment of interest in the sum of $278,104.65. They also sought post-award interest at the rate of 12 percent in the sum of $36,994.38. The Lawyer Creditors maintained that their claims were based on state law, that the Debtor engaged in tactical delays to avoid his contractual obligations to pay their fees, and that the equities warranted application of the state law judgment rate of interest. They asserted the Debtor would receive a windfall if their claims did not accrue interest at the state law rate. The Debtor objected to the amended motion, arguing that 1) the Lawyer Creditors were not entitled to preaward interest because the arbitrators did not award interest; 2) the Lawyer Creditors were not entitled to post-award interest because the fee agreement did not provide for interest; and 3) even if interest were allowable, the Court should exercise its discretion to deny it because the Lawyer Creditors were responsible for the significant delays in resolving their claims.

On July 12, 2017, the Court conducted a confirmation hearing on the Debtor's Third Amended Chapter 11 Plan of Reorganization. The Lawyer Creditors and other secured creditors reported on the record that objections to confirmation had been resolved. The Court confirmed the Debtor's plan on July 17, 2017. On July 19, 2019, the Debtor filed a "Notice of (A) Entry of Order of Confirmation; (B) Effective Date; and (C) Deadlines for Filing Administrative Expense Claims, Professional Fee Claims and Rejection Claims" in which it set forth August 17, 2019 as the effective date of the Third Amended Plan of Reorganization.

The parties agree that the Debtor paid the Lawyer Creditors the sum of $599,491.50 on May 24, 2017, and, on October 6, 2017, he paid them another $47,598.28, plus $338.78 in post-confirmation interest.

After a hearing on the Lawyer Creditors' amended Interest Motion, this Court allowed the Lawyer Creditors' motion in part and denied it in part on the record. This Court determined that the arbitrators' failure to include interest on the award did not preclude the assessment of interest as the LFAB rules provide that an arbitrator only decides the amount of the fee. This Court rejected the Lawyer Creditors' argument that the state law judgment rate of interest applied to their secured claim because their judgment had been vacated. Instead, the Court applied the federal judgment rate of interest from the date of the arbitration award. The Lawyer Creditors appealed this Court's order to the district court.

C. <u>The District Court Appeal</u>

In his opinion dated August 3, 2018, Judge Young affirmed one aspect of this Court's decision, namely, that the Lawyer Creditors were not entitled to prepetition interest. *See* <u>In re Gianasmidis</u>, 318 F. Supp.3d at 449-50. Judge Young reversed and remanded with respect to two other rulings. He determined that this Court erred in deciding that pendency interest ran from the date of the postpetition arbitration award, ruling instead that the Lawyer Creditors were entitled to postpetition interest on their secured claim from the date of the commencement of the Debtor's

12

bankruptcy petition.[3]  He remanded for a recalculation of pendency interest from the

petition date.   Secondly, Judge Young remanded for reconsideration of the

appropriate rate of pendency interest. Reviewing the provisions of § 506(b), and

authority in the First Circuit and elsewhere, he noted that the rate of pendency

interest is within the limited discretion of the court, and that Massachusetts law,

Mass. Gen. Laws ch. 231, § 6C[4] "automatically attaches to arbitration awards - - **even**

---

[3] He stated:

> [A]lthough Gianasmidis objected to the Lawyer Creditors' claim of proof and the claim was therefore not "determined" at the time of the petition, the claim, once determined, is not to be treated any differently than it would be were it determined at the time the petition was filed. To treat section 506(b) motions for pendency interest as accruing from the time the claim is determined would violate the spirit of section 502(e)(2) by disadvantaging claims that were not determined at the time the bankruptcy petition was filed. Thus, the plain meaning of section 506(b) mandates that an over-secured creditor's claim shall be allowed interest from the date of the petition (provided of course that the creditor is over-secured at the time of the petition).

In re Gianasmidis, 318 F. Supp.3d at 45.

[4] Section 6C provides:

> In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action, provided, however, that in all actions based on contractual obligations, upon a verdict, finding or order for judgment against the commonwealth for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at a rate calculated

**when the award is silent on the issue.”** Id. at 454 (emphasis in original).  Thus, he ruled that the Lawyer Creditors’ claim under § 506(b) is “presumptively determined by the applicable nonbankruptcy law under which the agreement was made, but it is still subject to the Bankruptcy Court’s ‘limited discretion.’”   Id. at 455.  He ruled that this Court did not adequately explain its reasoning for applying the federal judgment rate of interest as opposed to the Massachusetts statutory rate of interest on judgments, and remanded for further consideration of the rate of pendency interest to be applied to the Lawyer Creditors’ secured claim.

## III. ARGUMENTS OF THE PARTIES

In their post-hearing filing, the Lawyers Creditors argue that the Massachusetts Attorney’s Lien statute, Mass. Gen. Laws ch. 221, § 50, gave them an inchoate lien which became choate when judgment entered.   Citing Zabin v. Picciotto, 73 Mass. App. Ct. 141, 896, N.E.2d 937 (Mass. App. Ct. 2008), they argue that they are entitled to an award of prejudgment interest at the rate of 12 percent from the date of breach or demand, or the commencement of an action.  The Lawyer Creditors submit that the Appeals Court in Zabin limited and distinguished its prior decision in Craft v. Kane, 65 Mass. App. Ct. 322, 839 N.E.2d 854 (Mass. App. Ct. 2005), prior to its decision in Gianasmidis’s appeal.

---

pursuant to the provisions of section six I from the date of the breach or demand. If the date of the breach or demand is not established, such interest shall be added by the clerk of the court from the date of the commencement of the action.

Mass. Gen. Laws ch. 231, 6C.

The Debtor objects to the Motion for Pendency Interest, specifically the rate of pendency interest to be applied to the Lawyers Creditors' claims. He points out that the arbitrators specifically denied the Lawyers Creditors' claim for preaward interest. He concedes, however, that Judge Young found that the Lawyer Creditors were entitled to pre-arbitration award interest on their claims under § 506(b). The Debtor further argues that because Massachusetts law prohibits courts from awarding interest when an arbitration award does not provide for it, and there is no contractual basis for preaward interest, the federal judgment rate of interest, not the 12 percent state law judgment rate, should apply as it more closely matches current market rates and furthers the objectives of the fresh start, citing <u>Wasserman v. City of Cambridge</u>, 151 B.R. 4, 5-6 (D. Mass. 2993) (holding that the federal judgment rate established at 8.155%, rather than the statutory rate of 16%, had to be applied for postpetition interest on tax claim). The Debtor also argues in his supplemental brief that the attorney's lien statute does not provide a basis to award interest, citing <u>Craft v. Kane</u>, 65 Mass. App. Ct. 322 (2005). He contends that the Appeals Court in that case found that the attorney asserting a lien was not entitled to an award of interest until the amount of the claim was determined, reasoning that the attorney was not deprived of his money until the amount of the claim was established. <u>Id.</u> at 859.

## IV. DISCUSSION

### A. <u>Applicable Law</u>

As noted by the panel in <u>Wells Fargo Bank, N.A. v. Beltway One. Dev. Gp., LLC (In re Beltway One Dev. Gp., LLC)</u>, 547 B.R. 819 (B.A.P. 9th Cir. 2016),

> [t]hree categories of interest exist in bankruptcy cases: (1) interest accrued prior to the filing of the bankruptcy petition (prepetition interest); (2) interest accrued after the filing of a petition but prior to the effective date of a reorganization plan (pendency interest); and (3) interest to accrue under the terms of a reorganization plan (plan interest).

In re Beltway One Dev. Grp., LLC, 547 B.R. at 826 (citing Key Bank Nat'l Ass'n v. Milham (In re Milham), 141 F.3d 420, 423 (2d Cir.1998), *cert. denied*, 525 U.S. 872 (1988)). The category of interest that this Court must determine is pendency interest.[5]

The general rule is that interest stops accruing on prepetition claims at the commencement of the bankruptcy case. *See* 11 U.S.C. § 502(b). Oversecured creditors are entitled to recover postpetition interest on their secured claims before plan confirmation. Id. § 506(b). The entitlement to postpetition, pre-confirmation interest, commonly known as "pendency interest," *see* In re Bernbaum, 404 B.R. 39, 42 (Bankr. D. Mass. 2009), applies to secured creditors regardless of whether their lien arises consensually or by operation of law. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). The Supreme Court has recognized that § 506(b) mandates that in a reorganization case an oversecured creditor has an unqualified right to pre-confirmation interest on its secured claim, including mortgage arrears paid under a

---

[5] Pendency period includes interest from the petition date to the date of plan confirmation, as opposed to the "effective date," unless the plan specifically provides an effective date. *See* Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai), 581 F.3d 1090, 1099–1101 (9th Cir. 2009). Additionally, as noted by the court in Beltway, "[a]ny accumulated pendency interest determined under § 506(b) is added to the allowed claim of an oversecured creditor and then paid pursuant to the terms of the confirmed plan with plan interest determined under § 1129(b)(2)(A)(i)(II). 547 B.R. at 826 (citing 4 *Collier on Bankruptcy* ¶ 506.04[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016)).

Chapter 13 plan, even if a mortgage is silent on the subject of interest and state law would not have required payment of interest. <u>Rake v. Wade</u>, 508 U.S. 464 (1993).  The Supreme Court, however, has not addressed the appropriate rate for pendency interest in Chapter 11 cases.[6]  *See* <u>In re Beltway Dev. Gp., LLC</u>, 547 B.R. at 826.  The rate of pendency interest to which a secured creditor is entitled is not set forth in § 506(b) or any provision of Chapter 11.

There is no consensus in the courts on the appropriate rate of pendency interest.  Where there is a contract rate, most courts have awarded pendency interest at the rate specified in the contract. *See, e.g.*, <u>In re S. Cellular Invs., Inc.</u>, 427 B.R. 44, 77 (Bankr. E.D. Pa. 2010) (noting that during postpetition period, most courts will award interest to an oversecured creditor at the contract rate); <u>In re Sundale, Ltd.</u>, 410 B.R. 101, 105 (Bankr. S.D. Fla. 2009) (enforcing oversecured creditor's contractual default interest rate).  Other courts, in determining the rate of pendency interest, presume the contract rate applies, but that it is subject to rebuttal or a "cap." *See* <u>Matter of Terry Ltd. Partnership</u>, 27 F.3d 241, 243 (7th Cir. 1994), *cert. denied*, 513 U.S. 948 (1994); <u>In re Courtland Estates Corp.</u>, 144 B.R. 5, 9 (Bankr. D. Mass. 1992).  *See also* <u>Urban</u>

---

[6] The Supreme Court has addressed the issue of post-confirmation interest to be paid on allowed secured claims through Chapter 13 plans.  In <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465 (2004), the Supreme Court directed that the post-confirmation interest rate for a restructured secured loan under a Chapter 13 reorganization plan should be based on an "efficient market" rate, and, if no such market rate exists, courts should use a formula approach by obtaining the prime rate and adjusting it for the risk of non-payment.  541 U.S. at 479-80.  Courts have used the <u>Till</u> approach in Chapter 11 cases.  *See, e.g.*, <u>Interim Capital, LLC v. Hank's Dock, Inc. (In re Seaspan Dev. Corp.)</u>, No. 04-21339, 04-21340, 2:05-CV-315, 2006 WL 2672298 (E. D. Tenn. Sept. 18, 2006).

Communicators PCS Ltd. P'ship v. Gabriel Capital, L.P., 394 B.R. 395, 338 (S.D.N.Y. 2008) ("[t]he great majority of courts to have considered the issue since Ron Pair have concluded that post-petition interest should be computed at the rate provided in the agreement, or other applicable law, under which the claim arose—the so-called 'contract rate' of interest."); In re Beltway Dev. Gp., LLC, , 547 B.R. at 830 ("the presumption of the contractual default rate applies only to those oversecured creditors whose claims to the higher interest rate are enforceable under nonbankruptcy law").

Absent a contract rate, courts look to applicable nonbankruptcy law, including state law, to determine if it supplies an appropriate rate. *See* Empresas Inabon, Inc v. Gotay (In re Empresas Inabon, Inc., 358 B.R. 487, 526 (Bankr. D.P.R. 2006). Several courts have ruled that pendency interest on secured claims should be calculated at the prevailing market rate for similar loans. *See, e.g.,* Cardinal Fed. Savs. & Loan Ass'n (In re Colegrove), 771 F.2d 119, 122-23 (6th Cir. 1985) (Chapter 13 case).

Judge Young in his opinion made the observation that the law on the issue surrounding the rate of pendency interest is unsettled. 318 F. Supp.3d at 453. He also noted that the First Circuit has stated that the appropriate rate of pendency interest is within the "limited discretion of the court." The Prudential Ins. Co. of Am. v. SW Boston Hotel Venture, LLC (In re SW Boston, Hotel Venture, LLC), 748 F.3d 393, 413 (1st Cir. 2012). The Court of Appeals for the Fourth Circuit has ruled similarly that pendency interest may be determined based on equitable considerations. *See* Bate Land Co. LP v. Bate Land & Timber LLC (In re Bate Land &

Timber LLC), 877 F.3d 188, 199 (4th Cir. 2017) ("The bankruptcy court, which was

well-positioned to weigh the equities in this case, reasonably concluded that it would

be inequitable to allow the Debtor to pay interest that accrued through no fault of its

own."). A number of courts in this circuit have ruled that the rate of pendency

interest is discretionary based upon the equities of the case. *See, e.g.,* Fischer Enters.,

Inc. v. Geremia (In re Kalian), 178 B.R. 308, 314-15 (Bankr. D.R.I. 1995); In re

DeMaggio, 175 B.R. 144, 148 (Bankr. D.N.H. 1994).[7] These courts reasoned that state

statutes providing for interest in various contexts do not necessarily apply in

bankruptcy cases. Thus, these courts ruled that contract rates, including default rates

and state law rates, are not binding, and they rejected higher state law judgment rates

of interest, opining that present value determinations based on current market

conditions are more consistent with the reorganization purposes of bankruptcy and

balanced the interests of the lien claimant and other creditors.

B. Analysis

The present case is unique in a number of respects. In the first place, the fee

agreements, which were drafted by the Lawyer Creditors, do not provide for

payment of interest on any unpaid fees, and, thus, the contracts themselves do not

assist in determining the appropriate rate of pendency interest. Moreover, the

attorney's lien statute, Mass. Gen. Laws ch. 221, § 50, does not contain a provision for

---

[7]  The rulings of the district court and the Bankruptcy Court in Wasserman and
DeMaggio were abrogated by a 2005 amendment to the Bankruptcy Code. *See* 11
U.S.C. § 511. Section 511 requires that interest on all state and federal tax claims
must be determined in accordance with applicable nonbankruptcy law.

19

the payment of interest. The procedural history of the fee disputes in this case further complicates the issue of pendency interest due to the parties' disagreement on whether to arbitrate their claims, the entry of a default judgment by the Superior Court, the reversal of that judgment on appeal, the filing of inflated proofs of claim by the Lawyer Creditors and the Debtor's concomitant objections, the ultimate arbitration award entered on July 20, 2017, and, finally, Judge Young's decision in which he stated:

> [T]he Lawyer Creditors would have been entitled under Massachusetts law to post-award interest accruing from the date of the award. In other words, even though the Lawyer Creditors did not have their award confirmed by the Superior Court, the underlying substantive law under which the Fee Agreements were entered would have entitled them to a 12% interest rate beginning on January 20, 2017.

In re Gianasmidis, 318 F. Supp. at 454. In view of these circumstances, the Court concludes that a blended rate of pendency interest is required to address the particular circumstances presented by the complicated chronology of litigation between Gianasmidis and the Lawyer Creditors, comply with Judge Young's decision, and balance the equities between the parties in the absence of any contract rate of interest in the fee agreements. The Court concludes that pendency interest in this case must have two components: 1) a rate of interest from the petition date of May 28, 2015 to the date of the entry of the arbitration award on January 20, 2017, and 2) 12% interest from the date of the arbitration award to the effective date of confirmation of the Debtor's plan of reorganization, i.e., August 17, 2017.

This Court rejects the Lawyer Creditors' contention that their secured claims entitle them to the state law rate of interest on judgments of 12 percent from the petition date. Although the Lawyer Creditors had a judgment against the Debtor as of the date of the commencement of his case, that judgment was reversed and vacated by the Massachusetts Appeals Court on June 28, 2016. The invalidation of the judgment precludes accrual of pendency interest at that rate until the arbitration award on January 20, 2017. As noted by the district court, there is no applicable contract provision in the agreements between the parties to assist in the computation of interest. Moreover, the arbitration proceeding was not concluded until approximately two years after the petition date, and Massachusetts law does not provide for pre-arbitration award interest. *See* In re Gianasmidis, 318 F. Supp.3d at 452-53. Judge Young ruled, however, that the Lawyer Creditors are entitled to pendency interest from the petition date to the confirmation date, a ruling that is binding on this Court.

For the first component of pendency interest, this Court concludes that a market rate of interest from the petition date to the date of the arbitration award (approximately 20 months) is an appropriate rate of interest based upon the equities and unique circumstances of this case. Prior to the arbitration award, the Lawyer Creditors had judicial and statutory liens arising from the filing of the notices of their attorneys' liens and the attachments authorized by the Superior Court. Much of the delay in the payment of Lawyer Creditors' claims was due to their refusal to arbitrate, despite the clear and unequivocal arbitration clause in the fee agreements. The

Lawyer Creditors objected to arbitration in this Court from the inception of the bankruptcy case through late 2016, despite the clear contractual mandate to arbitrate. Their meritless objection to arbitration, which was required under the contracts they drafted, and the litigation tactics they employed by insisting that their default judgment should stand were largely responsible for the delay in the payment of their fees. Their inflated proofs of claim also contributed to claims litigation that led to delays in payment. The arbitration award was approximately half of the amount of the amount of the Lawyer Creditors' proofs of claim.

Thus, the Court rejects the Lawyer Creditors' contention that they are entitled to the state statutory judgment rate of interest from the petition date. Judge Young emphasized that neither the contract nor the arbitration award provided for interest. 318 F. Supp.3d at 449. Although § 6C of Mass. Gen. Laws ch. 231 provides for interest at 12 per cent from the date of the breach or demand, Judge Young reasoned that the Lawyer Creditors' prepetition judgment was vacated and, accordingly, there was no judgment upon which to apply the statutory 12 percent rate prior to the arbitration award. Id. at 450. Judge Young was persuaded that the decision in Reilly v. Metro. Prop. & Liab. Ins. Co., 412 Mass. 1006, 1007 (1992), a case in which the Supreme Judicial Court upheld the denial of preaward interest on an arbitration award when the arbitration award was silent on that issue.[8]

---

[8]  He observed the following:

> Having established that the Lawyer Creditors have a right under section 506(b) to pendency interest prior to the arbitration award, the Court is

In view of the absence of any applicable nonbankruptcy rate of interest that can serve as template for the determination of pendency interest before the arbitration award, the Court concludes that the Lawyer Creditors' secured claims arising out of the attorney's liens and attachments should be treated just like any other secured claim, such as a mortgage, and thus provide a platform for analysis of an appropriate interest rate.  An award of pendency interest at the prime market rate in effect from the petition date to the date of the arbitration award fairly compensates the Lawyer Creditors for the loss of the use of their money during that period.  This result is consistent with Massachusetts precedent interpreting attorney's liens.  An award of interest on an attorney's lien is intended to compensate the prevailing party for the loss of use of funds.  *See* Zabin v. Picciotto, 73 Mass. App. Ct. at 157.  The nation's prime rate during the postpetition, pre-confirmation period of this Chapter

---

presented with the question whether this right conflicts with state policy, which is not to grant preaward interest. Massachusetts law, as announced by its highest court, prohibits courts from entertaining claims for preaward interest when the arbitration award does not provide for it.  Reilly, 412 Mass. at 1006-07, 588 N.E.2d 628 (affirming the Appeals Court's refusal to grant preaward interest on the basis that it would undermine the very purpose of arbitration); Maimaron v. Commonwealth, 449 Mass. 167, 181 n.12, 865 N.E.2d 1098 (2007) ("[Litigant] is not entitled to preaward interest because the issue of such interest was not submitted to arbitration."); Bolman v. Plymouth Rock Assur. Corp., 82 Mass. App. Ct. 135, 139, 971 N.E.2d 300 (2012) ("Generally, in a proceeding to confirm an arbitration award, a judge may not alter an arbitrator's decision that allows, denies, or fails to mention preaward interest."). Because the LFAB did not award the Lawyer Creditors any preaward interest, Massachusetts law precludes state courts from granting them preaward interest.

318 F.Supp.3d at 452-53.

11 case ranged from 3.5 percent to 4.75 percent as reported by JP Morgan Chase & Co.[9]  Based on the mean of the range, the Court concludes that the Lawyer Creditors are entitled to a pendency rate of interest of 4 percent to be applied to the total amount of the unpaid balance of the Lawyer Creditors' arbitration award of $646,755.00 up until the date of the award, i.e., January 20, 2017.

With respect to the Lawyer Creditors' entitlement to post-award interest, they are entitled to interest at the state statutory rate of 12 percent on their secured claim after the arbitration award until the effective date of confirmation (a period of approximately 7 months).  As Judge Young ruled, the 12 percent interest rate set forth in Mass. Gen. Laws ch. 231, § 6C automatically attaches to arbitration awards even when the award is silent on the issue. *See* 318 F. Supp.3d at 454.  The Lawyer Creditors are entitled to interest at the state law judgment rate of 12 percent accruing after the award to the effective date of confirmation.  Massachusetts law is clear that 12 percent interest is to be added to arbitration awards even when the award is silent as to interest in order to encourage swift obedience to arbitration awards.

The Court exercises its well-recognized discretion to use Massachusetts law to determine the Lawyer Creditors' postpetition interest under the unique circumstances of this case where the district court has ordered pendency interest from the petition date even though the award entered two years postpetition.

---

[9] *See* https://www.jpmorganchase.com/corporate/About-JPMC/historical-prime-rate.htm.

24

## IV. CONCLUSION

In accordance with the foregoing and Judge Young's mandate, the Court shall enter an order allowing the Lawyer Creditors pendency interest on their secured claims from the petition date of May 28, 2015 to January 20, 2017, the date of the arbitration award, at the rate of 4 percent.  The Court shall award them interest at the rate of 12% from the date of the arbitration award to August 17, 2017, the effective date of confirmation of the Debtor's Third Amended Plan of Reorganization, which will result in a blended rate of pendency interest.  That rate of interest must account for the payments of principal and interest made by the Debtor on May 24, 2017 and October 6, 2017.[10]

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated:  April 16, 2019

---

[10] The Court shall require the Debtor to submit a proposed order containing a calculation of the pendency interest using the dates set forth above and accounting for payments of principal and interest made during this case.